TORPY, J.,
concurring specially.
I agree with the opinion of the majority that the trial court erred in granting judgment on the pleadings. This happens all too often that both sides seek a ruling on what both claim to be an unambiguous document. Then, when the trial judge takes the bait, the losing side cries foul, claiming an ambiguity. Maybe the rule should be that if you argue to the trial *902 court that a document is unambiguous, then you can’t have it the other way.
In any event, the second problem here is that the complaint is vague about what Appellant intends to do. Appellant filed a one-count complaint seeking a declaration from the trial court about an intended use of the easements, yet it only asked the court to declare that it has the “property interest necessary to utilize the Reservoir for public water supply.” The dilemma with this is that everyone concedes that the water belongs to the public, so the real question is whether Appellant’s easements permit it to construct whatever structures are needed to capture the water and convey it from the reservoir for whatever purpose. The intended use of the easements might also involve access to the reservoir for treatment or maintenance of the water. We don’t know. The point is that it is impossible for a court to make a meaningful declaration about the propriety of an objective such as this without knowing how the accomplishment of the objective will involve the use of the land. This is why the trial judge asked Appellant’s counsel so many questions. Although counsel finally answered the questions when pressed, acknowledging that Appellant might be putting a pipe in the lake, on appeal, Appellant takes issue with the trial judge for considering this fact. During oral argument, we asked Appellant whether its intended use might also involve pumping water into the lake from elsewhere in the river. Counsel’s affirmative reply was notably equivocal. Maybe the problem is that Appellant does not know what it needs. Maybe the vagueness of the complaint was an intentional strategy to get the camel’s nose in the tent, after which the rest of the camel would follow.
On the merits, it appears to me that Appellant might be rowing upstream in its battle to convince the court that this particular use was contemplated by the parties when the easements were granted. The only extrinsic evidence of what was intended will probably be the parties’ conduct since that time. The construction on this project was apparently substantially concluded over forty years ago. It consisted essentially of a dam to create a lake from a natural tributary. The tributary already “flowed” through the property. The flowage part of the easements was apparently given so that backed up water could flood surrounding lands. The storage part pertained to the lake itself. Nobody had in mind the use by Appellant’s predecessor of this reservoir to supply water for a utility. Neither Appellant, nor its predecessor, is a public utility. Since that time, until recently, Appellant never attempted to pipe water from the lake. The now-intended use is clearly a new use. The question is whether Appellant’s “water control program” in existence at the time the easements were granted contemplated this type of future use. This will have to be sorted out on remand. Hopefully, the lawyers will assist the trial court by stipulating to undisputed facts and crystallizing the disputed facts, if any, to facilitate the prompt resolution of this important case.